CHARLES HAUSELT, Appellant, *against* ABRAHAM W. GODFREY, Respondent.

(Decided December 4th, 1882.)

By stipulation in several actions by different plaintiffs against the same defendant, it was agreed that, upon appeals taken by the defendant to the Court of Appeals in all the cases, the return in one case be considered as the return in all the others, and the decision in either of the cases should stand as the decision in all the other cases. After argument of the appeal in one case, the court rendered a decision in favor of the appellant, with costs. *Held,* that he was entitled to costs of argument in the Court of Appeals in all the cases.

APPEAL from an order of this court reviewing the taxation of a bill of costs by the clerk.

The defendant was originally arrested in each of nine actions. He moved to vacate each order of arrest and his motions were denied. He appealed from the orders denying his motions and they were affirmed.

He appealed to the Court of Appeals and the orders of the General and Special Term were reversed and the motion to vacate the orders of arrest was granted with costs.

When the motions were originally made at Special Term it was stipulated between the parties that but one set of papers be handed up in all the cases.

On appeal to the General Term but one set of papers was printed for all the cases. The plaintiffs, nevertheless, entered orders for costs in each case, both at Special and General Term. On defendant's appeal to the Court of Appeals, it was stipulated that the return in one of the

cases be considered as the return in all the other cases and that the decision and judgment of the Court of Appeals in either of said cases on appeal should stand as the decision and judgment of said court on the appeals in all the other cases.

The defendant having prevailed on those appeals taxed full costs of the Court of Appeals in each of the nine cases. This court at Special Term on appeal by plaintiffs from the taxation allowed defendant to tax costs for argument in the Court of Appeals, viz: $60, in each of the nine cases. From that decision the plaintiffs appealed.

*William B. Tullis*, for appellants.

*Samuel C. Mount*, for respondent.

J. T. DALY, J.—[After stating the facts as above.]—I think the defendant was entitled to tax his costs in each of the nine cases for these reasons: I. The stipulation between the attorneys provided that the decision and judgment of the Court of Appeals in one of the cases, should stand as the decision and judgment of said court in all the cases.

The decision of the Court of Appeals in the case of *Hauselt* v. *Godfrey* was that the orders appealed from be reversed and the motion to vacate order of arrest be granted, with costs. The decision awarding costs in that cause became, under the stipulation, the decision in each of the other cases, and therefore, upon the record in each case that plaintiffs had stipulated for, defendant was entitled to costs.

II. The original motions and the appeals to the General Term had been submitted to the court on one set of papers only, yet the plaintiff, when he succeeded, took orders granting costs in all the cases. This is very satisfactory evidence of the intention (if an inquiry into the intention of the parties be deemed important) that in making this stipulation costs were to be taxed in all the cases if allowed by the court in the case actually argued.

III. The practice is to allow costs in each case under such stipulation. (*Minturn* v. *Main*, 2 Sand. 737. See also 5 N. J. L. J. 228, cases of *Green* v. *French*, U. S. C. C. N. J. and *Jerman* v. *Stewart*, U. S. C. C. Tennessee.

The order should be affirmed, with ten dollars costs and disbursements.

VAN HOESEN and BEACH, JJ., concurred.

Order affirmed, with costs.